CHRIS T. RASMUSSEN, ESQ.
Nevada Bar. No. 7149
RASMUSSEN & KANG, LLC.
330 South Third Street, Suite 1010
Las Vegas, Nevada 89101
(702) 464-6007
(702) 464-6009 (Fax)
Attorney for Defendant

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID CAMEZ,

Defendants.

Case No. 2:12-cr-00004-APG-GWF

**DAVID CAMEZ'S MOTION FOR NOTICE OF INTENT TO INTRODUCE 404b EVIDENCE**

**[DISCOVERY HEARING REQUESTED]**

Defendant, David Camez, by and through counsel undersigned, Chris T. Rasmussen, Esq., and pursuant to Rule 404(b) of the Federal Rules of Evidence, respectfully moves this Honorable Court for an order directing the government to provide reasonable notice in advance of trial - **IMMEDIATELY -** of the general nature of any evidence under Rule 404(b).

Dated this 18th day of October, 2013.

s/s

CHRIS T. RASMUSSEN, ESQ.
Nevada Bar. No. 7149
RASMUSSEN & KANG, LLC.
330 South Third Street, Suite 1010
Las Vegas, Nevada 89101
(702) 464-6007
(702) 464-6009 (Fax)
Attorney for Defendant

**MEMORANDUM OF POINTS AND AUTHORITIES**

David Camez is set for jury trial before this Court on November 18, 2013. Camez is charged in a criminal indictment charging a RICO conspiracy for involvement in an international criminal group named carder.su. The discovery that has been provided as of the date of this Motion is millions of pages. Camez was 17 years of age when the alleged overt acts took place. Camez is currently serving a nine year prison sentence in the State of Arizona for criminal conduct that took place after these alleged overt acts. The Arizona convictions are identity fraud related.

Federal Rule of Evidence 404(b) provides that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature in advance of trial, or during trial if the court excuses pretrial notice on good cause shown , of the general nature of any [Rule 404(b), F.R.Evid.] evidence it intends to introduce at trial ." F.R.Evid. 404(b). What is " reasonable notice in advance of trial." depends upon the individual case. The 1991 Amendments to Rule 404(b) require the prosecution to provide notice , regardless of how it intends to use the extrinsic act evidence at trial, *i.e.,* " during its case- in- chief, for impeachment , or for rebuttal." Advisory Committee Note to 1991 Amendment to Rule 404(b), F.R.Evid.

Given that the Superseding Indictment is: (1) comprised of 13 Counts ; (2) the alleged conduct spans eighteen (18) years (from 1990 to 2008) for certain defendants; and (3) nine (9) defendants are proceeding to trial , at least one month notice should be given to permit undersigned defense counsel to file motions *in limine* regarding the use of other act evidence," within three weeks of trial).

**A. Rule 404(b), F.R.Evid.**

Rule 404(b), F.R.Evid., provides in pertinent part:

Evidence of other crimes, wrong or acts is not admissible to prove the character

> of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial... of the general nature of any such evidence it intends to introduce at trial.

*See also, United States v. Mayans,* 17 F.3d 1174, 1181 (9th Cir. 1994).

Evidence of prior acts and crimes may be admitted, subject to later Rule 403, F.R.Evid., balancing, if: (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time ;(3) the evidence is sufficient to support a finding that defendant committed the other act; and (4) ( in cases where knowledge , intent or identity are at issue) the act is similar to the offense charged. *United States v. Vizcarra-Martinez,* 66 F.3d 1006, 1013 (9th Cir. 1995), *citing Mayans,* 17 F.3d at 1181 (trial court's procedures in applying this four-part test flawed).

The proponent of Rule 404(b) evidence bears the burden of establishing its admissibility pursuant to Rule 104 , F.R.Evid. *United States v. Vizcarra- Martinez, supra,* at 1013; *U.S . v. Adrian,* 978 F.2d 486, 492 ( 9th Cir. 1993) (reversed and remanded with instructions). The Ninth Circuit issued the following caveat in applying the test for admissibility of Rule 404(b) evidence:

> ..extrinsic act of evidence is not looked upon with favor. We have stated that our reluctance to sanction the use of evidence of other crimes stems from the underlying premise of our criminal justice system, that the defendant must be tried for what he did, not for who he is. Thus, guilt or innocence of the accused must be established by evidence relevant to the particular offense being tried, not by showing that the defendant has engaged in other acts of wrongdoing.

*United States v. Vizcarra-Martinez, supra,* at 1013-14; *United States v. Mayans, supra, at* 1181, *quoting, United States v. Bradley,* 5 F.3d 1317 , 1320 (9th Cir.1993) (internal quotations marks and citations omitted).

**B. <u>Rule 403, F.R.Evid.</u>**

Rule 404(b), F.R.Evid., " Is designed to avoid a danger that the jury will punish the defendant for offenses other than those charged, or at least that it will convict when unsure of guilt , Because it is convicted that the defendant is a bad man deserving

punishment." *United States v. Bradley supra,* at 131, *quoting United States v. Hill,* 953 F.2d 452, 457 (9th Cir. 1991), *quoting, United States v. Brown,* 880 F.2d 1012, 1014 (9th Cir. 1989); *see also, United States v. Vavages,* 151 F.3d 1185, 1193-94 (9th Cir.1998) (Ninth Circuit expressed its concern that *Vavages'* prior conviction for possession with intent to distribute marijuana was admitted as Rule 404(b) evidence in prosecution possession with intent to distribute marijuana).

Trial courts must, therefore, assess the probative value of Rule 404(b) evidence against Rule 403, F.R.Evid., preclusive factor, *United States v. Mayans, supra, at* 1183; *United States v. Bradley, supra,* at 1319-20. Rule 403 directs trial courts to exclude otherwise admissible evidence if " its probative value is substantially outweighed by the danger of unfair prejudice... or needless presentation of cumulative evidence." Rule 403, F.R Evid. Rule 403 provides necessary protection against unfairly prejudicial evidence which might otherwise be admitted under Rule 404(b). *United States v. Mayans, supra,* at 1183.

The probative value of a given item of evidence, as distinct from its relevance, is determined by comparing evidentiary alternatives. *Old Chief v. United States,* 172, 183-85 (1997). The availability of other, less prejudicial, evidence on the same point ordinarily reduces the probative value of the rule 404 (b) evidence giving consideration to the offering party's need for the Rule 404(b) evidence. *Old Chief,* 519 U.S. at 183-187. Prior bad act of evidence tends to over- persuade the jury so as to prejudice the jury guilt and deny defendant a fair opportunity to defend against the charges. *See Old Chief,* 519 U.S at 181) ("the overriding policy of excluding [extrinsic evidence], despite its admitted probative value, is the practical experience that its disallowance tends to prevent confusion of issues, unfair surprise and undue prejudice.") see also, *United States v. Merino-Balderrama*, 146 F.3d 758, 763 (9th Cir. 1998)( concluding that the child pornographic films possessed a greater potential for unfair prejudice than their packaging ; holding " [w]here, as here , the district court's evidentiary rules' significantly reduced any possibility that the jury would acquit' the defendant, the error [was] not

harmless.") , quoting, *United States v. Moorehead*, 57 F.3d 875, 879 (9th Cir.1995).

If the incremental value is slight , and the possibility of prejudice through misuse by the jury great, the court should exclude the evidence under Rule 403. *U.S v. Merino-Balderrama*, supra, at 763 & n.7( "Confronting a defendant with evidence that he has never seen, sought, or produced offends basic concept of fairness. *** improperly screening the films for the jury likely created an emotional impact that influenced the verdict ."); Arizona v. Elmer, 21 F.3d 331,336 (9th Cir.1994) ( trial court did not abuse its discretion in excluding Rule 404(b) evidence of a subsequent June 12, 1992 similar shooting in prosecution for ten counts of aggravated assault for allegedly shooting a 20 to 30 aliens who, on March 18, 1992, had crossed the border into the United States; even if relevant, the Rule 404(b) evidence was extremely prejudicial and thus, unfairly prejudicial under Rule 404(b); *United States v. Hill*, 953 F.2d 452, 456-60( 9th Cir.1991) (Evidence unfairly prejudicial given danger jury would view testimony regarding prior drug use as evidence defendant was more likely to participate in current drug transaction for outweighed its arguable utility in providing a logical connection between third person and defendant); *United States v. Bajar-Materecious*, 618 F2d 81, 84 ( 9th Cir. 1980) ( in prosecution for illegal reentry into the United States after having been deported, the prior judgment of conviction , although relevant to issue of defendant's status as alien , was so prejudicial that it should have been excluded because were the prior act closely resembles the newly charged offense the jury is likely to infer that, having once committed a crime, the defendant is likely to do it again).

Unfair prejudice under Rule 403 refers to the tendency of certain evidence to provoke an emotional response in the jury or otherwise to suggest a decision on an improper basis. *United States v. Roberts*, 88 F.3d 872,880 (10th Cir.1996) (evidence is unfairly prejudicial if it makes conviction more likely because it provokes an emotional response or otherwise tends to affect adversely the jury's attitude toward the defendant apart from its judgement as to guilt of the crime charged); see also, *United States v. Merino-Balderrama*, supra, 146 F.3d at 763-64. As the Ninth Circuit reasoned when it

balanced similar facts and excluded impeachment evidence in *United States v. Bagley*, 722 F.2d 482 (9th Cir. 1985):

> As we recognized in *United States v. Field*, were, as here, the prior conviction is sufficiently similar to the crime charged, there is substantial risk that all exculpatory evidence will be overcome by a jury's fixation on the human tendency to draw a conclusion which is impermissible in law: because he did it before, he must have done it again. Such a risk was clearly present in this case.

Id. At 488, *Cert. Denied*, 475 U.S 1023 (1986).

**C. Camez' Has Maintained His Speedy Trial Rights Creating A Monumental Task Of Counsel To Be Prepared For Trial In Which A Discovery Hearing Will Facilitate A Smoother Exchange Of Discovery**

Counsel for Camez will be ready for trial on November 18, 2013 and is dedicating 100 percent of his time to ensure Camez' speedy rights are protected. The mountain of discovery, which has been called the "largest document case in the country" has created severe strains on all parties including this Court. The ability to be ready for trial will be greatly increased if the Government turns all of its evidence over forthright so counsel can prepare in a competent fashion. A hearing will allow all parties to discuss disclosure of all witnesses and evidence early enough to enable Camez to have a fair trial with counsel who is fully prepared.

This 18th day of October, 2013.

/s/ Chris T. Rasmussen

CHRIS T. RASMUSSEN, ESQ.
Nevada Bar. No. 7149
RASMUSSEN & KANG, LLC.
330 South Third Street, Suite 1010
Las Vegas, Nevada 89101
(702) 464-6007
(702) 464-6009 (Fax)
Attorney for Defendant

- 7 -