UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DAVID CAMEZ, et al.,<br><br>　　　　Defendants. | Case No. 2:12-cr-0004-APG-GWF<br><br>**Order Denying [#498] Non-Party Google, Inc.'s Motion to Quash Trial Subpoena** |

　　　In 2011, Google, Inc., produced Gmail communications and other electronically stored records pursuant to a search warrant. Doc. 498-1 at 2. When the Government subpoenaed Google's custodian of records ("COR") to testify at trial, Google responded with a single-page, five-paragraph "Certificate of Authenticity" from the COR and a motion to quash the subpoena under Federal Rule of Criminal Procedure 17(c)(2). Docs. 498 and 498-1 at 9. This Court is presented with the narrow question of whether it is unreasonable or oppressive for the Government to require Google's COR to authenticate these records with live testimony at trial when a certificate of authentication was provided under FRE 902(11). The unique circumstances in this case compel this Court to answer that question in the negative and deny Google's motion to quash. Doc. 498.

**A.　As the Proponent of the Google Records, the Government May Choose to Authenticate Them Through Live Testimony Instead of a Certificate of Authenticity.**

　　　"Computer records are properly admissible as business records under [Federal Rule of Evidence] 803(6)." *U.S. v. Bonallo*, 858 F.2d 1427, 1435 (9th Cir. 1988). The Rule excepts

business records from hearsay exclusion if certain foundational requirements are "shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) . . . ." Fed. R. Evid. 803(6)(D).[1] The express language of the Rule gives the proponent of business records two options for authenticating business-record evidence at trial: the custodian of records or another qualified witness may offer (1) live testimony or (2) a certificate of authenticity.[2]

As the proponent of the Google evidence, the Government has the choice of which method to use to authenticate these records at trial. With a "bare-bones" certificate of authentication and a defendant who has placed "hacker" and other online data-infiltration allegations at issue by his defense theories, the Government chooses live trial testimony. Google does not contest that the subpoena was properly issued and served; it contends rather that the Government's choice of trial testimony over the certificate puts an unreasonable and oppressive burden on Google to comply with the subpoena. The Court disagrees.

**B.     Compliance with the Subpoena Will Not Be Unreasonable or Oppressive for Google.**

A trial court may quash a subpoena when the party resisting compliance demonstrates that "compliance would be unreasonable or oppressive." Fed. R. Crim. Proc. 17(c)(2). The rule:

> requires a discretionary, case-by-case inquiry. There is no rule of law that without some particular factor, the government cannot have the subpoena, or that with it, it can. The factors the district court must consider under Rule 17(c)(2)—unreasonableness and oppressiveness—cannot sensibly be converted into a mechanical rule enabling an escape from case-by-case judgment.

---

[1] Prior to 2000, authentication required testimony. Rule 803(6) was amended in 2000 "to add that, in lieu of live testimony, the foundation for admissibility of a business record may be established by a certification that complies with Rule 902(11). . . ." *U.S. v. Kahre*, 610 F. Supp. 2d 1261 (D. Nev. 2009); *see also* Fed. R. Evid. 803(6), advisory committee notes (2000).

[2] Fed. R. Evid. 902(11); *United States v. Lauersen*, 348 F.3d 329, 342 (2d Cir. 2003) (quoting 5 WEINSTEIN'S FEDERAL EVIDENCE, § 803.08[8][b] for the proposition that "[i]nstead of providing live testimony from a custodian or other qualified witness, the proponent of business records may choose to present the foundation by a certification that complies with Rule 902(11)," and holding that business record was properly admitted where other qualified witness' testimony obviated need to authenticate by Rule 902(11) certificate); *see also Tongil Co. v. Vessel Hyundai Innovator*, 968 F.2d 999, 999–1000 (9th Cir. 1992) (citing *United States v. Catabran*, 836 F.2d 456, 456 (9th Cir. 1988), which notes that the burden is on "the proponent of the business records" to "satisfy the foundational requirements of the business records exception").

*United States v. Bergeson*, 425 F.3d 1221, 1225 (9th Cir. 2005).

Google contends that compliance would be unreasonable and oppressive because the Defendant is demanding testimony from Google's COR "on issues that are either beyond Google's knowledge or based on irrelevant speculation." Doc. 511 at 4. But the Government, not the Defendant, issued the subpoena, and the Government has represented its intention to seek testimony from this witness specifically related to the data-storage and retention issues that are likely within the COR's knowledge but beyond the "bare-bones" assertions in the certificate of authenticity. *See* Doc. 512 at 3.[3] Defense counsel also noted that he is attempting to procure the appearance of a Google Person Most Knowledgeable to address issues that may exceed the COR's likely testimonial limitations. And, of course, relevancy and personal-knowledge objections can be addressed as they come up at trial. Thus, the potential scope of questioning will not likely result in an unreasonable or oppressive experience that justifies quashing the subpoena.[4]

Nor does the potential that testimony will duplicate the information contained in the certificate of authenticity render compliance unreasonable or oppressive or defeat the purpose for which FRE 902(11) was adopted. Doc. 498 at 5; Doc. 511 at 4. Although the certificate method of authenticating business records is a valuable shortcut, the proponent of business records maintains the discretion to authenticate them through live trial testimony. *See supra* note 1. Nothing in the amended Rule suggests that a COR can opt out of testifying at trial and effectively evade a subpoena merely by providing a Rule 902(11)-compliant certificate of authenticity. Because the representations in the instant certificate are thin and, as the Government asserts, the unique facts and circumstances of this case justify a deeper inquiry into Google's data-storage and retention policies

---

[3] This distinguishes this case from *United States v. Doolittle*, 341 F. Supp.163, 169 (M.D. Ga. 1972), cited by Google for the proposition that a witness subpoena should be quashed when live testimony would be entirely duplicative of the assertions in the authenticating affidavit. Doc. 498 at 5 n.2.

[4] This decision leaves the resolution of any evidentiary objections to this potential testimony for the trial court.

and practices,[5] any potential duplication will be minimal and not a basis to quash.

Finally, the Court is not persuaded by Google's forecast that failing to quash this subpoena will do away with the certificate process altogether and cause Google to "send witnesses to each criminal trial in which its business records are offered as evidence." Doc. 511.  This case involves sophisticated online computer activity.  As Government counsel represented at the hearing on this motion, the defense theory raises "a parade of horribles" regarding the integrity of the computer data.  The records at issue are "essential" to prove one of the racketeering acts alleged in this case.  Doc. 512 at 2.  And, most importantly, the proponent of the business-records evidence (the Government) elects to authenticate that evidence with live testimony instead of a Rule 902(11) certificate, a choice it does not make lightly or often.  It is this unique set of circumstances that compels the denial of Google's motion to quash and limits this ruling to the facts of this case.

**Order**

Accordingly, and for all the reasons set forth above, IT IS HEREBY ORDERED that Non-Party Google, Inc.'s Motion to Quash Subpoena to Testify at a Hearing or Trial in a Criminal Case **[#498] is DENIED**;

It is FURTHER ORDERED that Defendant Camez's motions to join in the Government's response and Defendant Kostyukov's response **[#505, #515] are GRANTED**.

DATED: November 21, 2013.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[5] This is not to suggest that live authentication testimony is required whenever a defendant "speculates" or makes a bald allegation that business records were altered or are otherwise untrustworthy.  Doc. 511 at 4.  Those are not the facts before this Court.