# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No.: 2:12-cr-004-APG-GWF |
| vs. | ) **ORDER DENYING MOTION FOR NEW TRIAL** |
| DAVID RAY CAMEZ | ) (Dkt. #555) |
| Defendant. | ) |

Defendant David Ray Camez has filed a Motion for New Trial [Dkt. #555] asserting that (1) one of the predicate acts upon which he was convicted involved juvenile conduct, in violation of the Juvenile Delinquency Act ("JDA"), and (2) during its rebuttal closing argument, the Government made improper remarks that were inflammatory and prejudicial. For the reasons set forth below, defendant's Motion is denied.

**A. The Juvenile Delinquency Act Does Not Apply.**

Camez was convicted of Participation in a Racketeer Influenced Corrupt Organization (Count One) and Conspiracy to Engage in a Racketeer Influenced Corrupt Organization (Count Two). Camez was younger than 18 when he committed some of the predicate offenses. The jury was instructed on this issue as follows:

**POST-18 RATIFICATION BY JUVENILE**

As you heard testimony previously, Mr. Camez was younger than 18 years of age when he joined the Carder.su organization and allegedly committed the RICO violation alleged in Count One and the RICO conspiracy alleged in Count Two. You may not convict Mr. Camez of RICO or RICO conspiracy based solely on his juvenile acts. You may convict him only if you find beyond a reasonable doubt that

Mr. Camez continued to participate in the Carder.su organization or the RICO conspiracy after he turned 18 years of age.

[Dkt. #552 at 42:1-7.] The jury found that Camez committed a Racketeering Act prior to his eighteenth birthday, but that he affirmed his association with the enterprise after he reached eighteen years of age. RICO and RICO Conspiracy are continuing crimes, and a defendant may be prosecuted for those crimes (including predicate acts committed as a juvenile) if he participates in the conspiracy after turning eighteen. "No circuit has applied the JDA to an adult conspiracy or racketeering prosecution simply because defendant's participation in the crimes began prior to his eighteenth birthday." *United States v. Delatorre*, 157 F.3d 1205, 1209 (10th Cir. 1998) (citations omitted). "The relevant 'act' for purposes of determining federal jurisdiction under [the JDA] is the crime charged in the indictment—here, the substantive RICO and RICO conspiracy offenses alleged therein—rather than the discrete predicate acts underlying those charges." *United States v. Wong*, 40 F.3d 1347, 1365 (2d Cir. 1994). Camez was charged with and convicted of RICO and RICO Conspiracy. Because he ratified his participation on the Carder.su organization after turning eighteen, his conviction was proper.

**B. The Government's Closing Remarks Were Not Improper.**

Camez complains that the Government improperly enflamed the jury during closing argument by referring to Russians who were involved in the Carder.su organization, and by telling the jury to "cut the legs out from Carder.su" even though "Carder.su was not on trial." [Dkt. #555 at 4:2-10.] The Government's rebuttal argument was a proper response to Camez's closing argument. Camez argued that the Government was improperly and/or unfairly targeting a small player in the organization, rather than prosecuting the organization's leaders living in Russia. Explanation of the organization's operations necessarily required repeated references to Russia and Russian citizens. The Government also properly explained that it was pursuing both purportedly small and large players in the

organization in order to bring down the entire operation. The Government's argument was neither inflammatory nor improper.[1]

For the foregoing reasons, defendant Camez's Motion for New Trial is DENIED.

DATED this 11th day of February, 2014.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Moreover, the Government's argument was not prejudicial. The Government presented overwhelming evidence confirming Camez's participation in the Carder.su organization, his commission of the predicate acts, his knowledge of the organization's operations and purposes, and his guilt of both the RICO and RICO Conspiracy counts. *Cf., United States v. Sanchez*, 659 F.3d 1252, 1257-58 (9th Cir. 2011).

3