**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 2:12-cr-00004-APG-EJY |
| Plaintiff | **Order Denying Motion for Compassionate Release** |
| v. | [ECF No. 1765] |
| DAVID CAMEZ, | |
| Defendant | |

David Camez was convicted by a jury of Participation in a Racketeering Influenced Corrupt Organization and Conspiracy to Engage in a Racketeer Influenced Corrupt Organization. He was sentenced to 240 months in custody followed by three years of supervised release. ECF No. 1540.  He has served approximately 172 months of that sentence, and his release date is in November 2029. ECF No. 1765 at 2.  He now moves for compassionate release under 18 U.SC. § 3582(c)(1)(A). *Id*.

The compassionate release statute authorizes courts to reduce a defendant's prison term, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A).  Camez alleges he submitted a request for compassionate release to the warden. *Id*. at 3.  He does not indicate whether the warden rejected his claim, but for purposes of this motion I will assume the warden did not respond within 30 days.  Thus, I deem Camez to have exhausted his administrative remedies.

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i) allows me to reduce a sentence based on "extraordinary and compelling reasons."  I must consider the factors in 18

U.S.C. § 3553(a) "to the extent that they are applicable," and any sentence reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission," including the requirement that the defendant "is not a danger to the safety of any other person or to the community." 18 U.S.C. § 3582(c)(1)(A)(i) (referring to U.S.S.G. § 1B1.13(2)).

Camez does not offer any "extraordinary and compelling" reasons to justify releasing him early. He simply checks the box on the motion form saying he received an unusually long sentence, he has served at least 10 years, "and a change in the law . . . would produce a gross disparity between the sentence being served and the sentence likely to be imposed on the date [he] filed this motion . . . ." ECF No. 1765 at 5-6. He offers no explanation for this, so I cannot find any "extraordinary or compelling reasons" to grant compassionate release.

I THEREFORE ORDER that Camez's motion for early release **(ECF No. 1765) is denied without prejudice.**

DATED this 3rd day of March, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2